## GEORGE OLSON v. GREAT NORTHERN RAILWAY COMPANY.[1]

November 21, 1900.

Nos. 12,333—(148).

**Master and Servant—Hiring Authorized by Principal.**

The general rule that the hiring of an employee for the principal by an agent must have been duly authorized to create the relation of master and servant in the particular business involved therein, illustrated by the facts in this case.

**Complaint Defective.**

The complaint in this case does not show that at any material time plaintiff was in the service of defendant, or that the alleged wrongful acts of other servants were impliedly authorized by defendant.

Appeal by plaintiff from an order of the district court for Polk county, Watts, J., sustaining a demurrer to the complaint. Affirmed.

*H. Steenerson,* for appellant.

*W. E. Dodge* and *E. L. Sutton,* for respondent.

LOVELY, J.

Demurrer to plaintiff's complaint was sustained on the ground that it did not allege a cause of action, from which order this appeal is taken.

It is somewhat difficult in this case precisely to indicate the defects to this complaint, which are very apparent, for the reason that evidence, rather than facts, is very extensively pleaded. The substantial issue as presented in plaintiff's pleading may be summarized briefly as follows:

Plaintiff had been working for the defendant on its road at Cass Lake. He left defendant's employ, and afterwards defendant, "through its foreman and duly-authorized agent," requested plaintiff, with others, to go to a distant point, where they would be employed. Relying upon these representations, the plaintiff went to the place requested, where a conductor of a passenger train on defendant's road and depot agent requested the plaintiff and others

[1] Reported in 84 N. W. 219.

to go to Chester, Montana, where plaintiff would be employed at a certain price per day; and promised to see that he and his associates were well taken care of on the way. Relying upon these representations, plaintiff went on the car of defendant as far as Minot, North Dakota. Such representations were fraudulent and false, and never intended to be carried out. The passenger car on which plaintiff rode was switched upon a side track at Minot during the night, where defendant, by its servants, requested plaintiff to remain until morning. Defendant neglected to furnish plaintiff and his associates with any accommodations or with supper. When at Minot plaintiff and his associates were offered a less sum per day than the conductor had told them they would receive. Plaintiff declined to work for such sum, and demanded a return to the place from whence he came, which was refused. It also appears that at this time defendant owed the plaintiff a certain sum for previous work. It is also alleged that the object of the conductor was to bring in a number of men to Minot, and thereby reduce the price of labor upon defendant's railroad work going on at that place.

We have stated above the substantial averments tending to show an employment by defendant, but the complaint falls far short of showing that the defendant hired the plaintiff, or that the conductor was authorized to make a contract with him for work. The representations and statements of the conductor were not within the scope of any authority alleged in the complaint, or any implied authority stated in the evidence pleaded, and fails to show the relationship of master and servant between the plaintiff and the defendant, or any breach of a contract for services. A foreman may be a duly-authorized agent of his principal for one purpose and not for any other. So a train conductor is not, by reason of that position, authorized impliedly to hire men for his employer in construction work. This difficulty seems to be recognized by counsel for plaintiff, who asserts in his brief that plaintiff is not suing for a breach of contract to furnish employment, but for a wrong, for which he claims damages to the extent of $1,000; the wrong consisting of the false representations of the price of labor at a distant point, the neglect directly to provide suitable accommodations for plaintiff,

and the refusal of defendant to return the plaintiff to his starting point. These were acts of the conductor, which do not appear to have been authorized by the defendant; and it is extremely doubtful, under the previous rule of this court, whether a recovery could be had therefor in a suit by plaintiff against the conductor himself in such a case. North v. Johnson, 58 Minn. 242, 59 N. W. 1012.

There is no merit in the claim that plaintiff was a passenger, and that the facts alleged constitute a violation of the duty of the carrier to such passenger. It seems to be very clear from the authorities cited by plaintiff's counsel that the alleged dishonorable conduct of the conductor was not within any of the obligations imposed upon a common carrier of passengers.

Order affirmed.